UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00080-JG-1 |
| Plaintiff, | : | OPINION & ORDER |
| vs. | : | [Resolving Doc. 53, 56] |
| PERRY E. WELLS, JR., | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Perry E. Wells, Jr. asks the Court to reduce his sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1]  The Government opposes Wells' request.[2]

For the following reasons, the Court **DENIES** Defendant Wells' motion for compassionate release.

## I.    Background

In December 2020, Defendant Wells pleaded guilty to five counts: (1) conspiracy with intent to distribute controlled substances; (2) distribution of heroin and carfentanil; (3) distribution of controlled substances; (4) possession with intent to distribute cocaine; and (5) felon in possession of firearm and ammunition.[3]

Defendant was sentenced to 36 months of imprisonment, a sentence that was slightly below the guideline range.[4]

---

[1] Doc. 53.  Defendant's Counsel filed a supplemental motion in addition to Defendant's original *pro se* motion. Doc. 56.

[2] Doc. 60.

[3] Doc. 48 at 1.

[4] *Id.* at 2.

Case No. 5:20-cr-00080-JG-1
Gwin, J.

## II.    Discussion

### A. Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a defendant's prison term once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5]

Defendant Wells satisfied the exhaustion requirement by submitting a request for compassionate release to the warden and waiting more than 30 days to request relief from this Court.[6]

### B. Eligibility

Under the compassionate release statute, a court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[7]

To grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction," (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[8]

---

[5] 18 U.S.C. § 3582(c)(1)(A)(i).

[6] Doc. 60 at 2.

[7] 18 U.S.C. § 3582(c)(1)(A).

[8] *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) and 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted).  The 18 U.S.C. § 3553(a) factors include: "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," among other factors.  18 U.S.C. § 3553(a).

Case No. 5:20-cr-00080-JG-1
Gwin, J.

There are currently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[9]  "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative."[10]

### a.  Extraordinary and Compelling Reasons

Defendant requests compassionate release because of his cardiac condition, Wolff Parkinson White syndrome.[11]  Defendant argues that this condition places him at greater risk for COVID-19 complications.  The Court finds that Defendant Wells does not present an extraordinary and compelling circumstance.

Defendant Wells was offered a COVID-19 vaccination in July 2021, but he refused it.[12]  "Courts have consistently refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine."[13]  Defendant Wells does not state any medical reason for refusing the vaccine.  His refusal is inconsistent with his argument that he is at heightened risk for severe illness.

In addition, Defendant Wells' condition is not included on the CDC list of medical conditions that increase the risk of severe illness from COVID-19.[14]

Defendant does not present an extraordinary and compelling reason for release

---

[9] *See Elias*, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[10] *Elias*, 984 F.3d at 519–20; *Jones*, 980 F.3d at 1111 (indicating that the court "may skip step two" where an inmate files a motion on their own behalf.).

[11] Doc. 53 at 1.

[12] Doc. 60 at 12.

[13] *United States v. French*, No. 3:10-CR-00117-1, 2021 WL 1316706, at *6 (M.D. Tenn. Apr. 8, 2021) (collecting cases); *see also United States v. Baeza-Vargas*, No. CR-10-00448-010, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021) (collecting cases).

[14] Doc. 60 at 11-12.

-3-

Case No. 5:20-cr-00080-JG-1
Gwin, J.

because he refused vaccination and his health condition is not on the list of CDC-recognized

risk factors for severe illness.

### b.  18 U.S.C. § 3553(a) Factors

Even if the Court found that Defendant Wells' reasons amounted to extraordinary and

compelling reasons, the 18 U.S.C.  § 3553(a) factors also weigh against Defendant's release.

Defendant's crime was serious.  It involved heroin and fentanyl, two dangerous

drugs, and two handguns.[15]  Defendant also has multiple prior convictions that occurred

within a short period of time.[16]

Defendant has served 10 months of a 36-month sentence.[17]  That sentence was below

the guideline range at the time of sentencing.[18]

The § 3553(a) factors weigh against granting compassionate release.

### III.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Wells' request for

compassionate release.

IT IS SO ORDERED.

Dated:  October 20, 2021                                    s/        *James S. Gwin*
                                                                       JAMES S. GWIN
                                                                       UNITED STATES DISTRICT JUDGE

---

[15] *Id.* at 14.
[16] Doc. 52 at 14:18-24.
[17] Doc. 48.
[18] Doc. 52 at 16:20-21.